FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 NOV 15 AM 8:31

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| IAN HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-090 |
| | ) | |
| MITZY ALBRIGHT, Psychiatrist, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an immate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case, which involves a claim brought pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff names Mitzy Albright, his psychiatrist at ASMP, as the sole Defendant in this case. (Doc. no. 1, pp. 1, 4-5.) Plaintiff alleges that, on May 10, 2012, Defendant prescribed him Abilify, which is "known to cause death," without his informed consent and told him there were no side effects. (Id. at 5.) According to Plaintiff, as a result, he was exposed a known risk of serious harm with deliberate indifference, and his "right to know" and due process rights were violated.[1] (Id.)

Currently before the Court is Plaintiff's filing entitled "Petition for Writ of Mandamus." (Doc. no. 13.) In the petition, Plaintiff requests that the Court issue a writ of

---

[1] In a simultaneously issued Order, the Court has ordered Plaintiff to submit an amended complaint because it cannot determine whether he has any viable claims against Defendant based on the allegations in his original complaint.

mandamus against Defendant "[o]rdering the performance of her duties as a federal contract employee psychiatrist, to pay [Plaintiff] the amount of monetary relief requested, due to her failure to deny [Plaintiff's] claims in the above civil action within the time allowed to federal/state employees." (Id. at 1.) Plaintiff then reiterates the allegations in his complaint (see doc. nos. 1, 13), and asserts that Defendant "admits" those allegations by virtue of her failure to respond, meaning "there is no question[] of fact for a jury or this Court to decide" and that Plaintiff should be given the relief sought in his complaint.[2] (Doc. no. 13, p. 2.) Plaintiff also requests in the petition that the Court have his Social Security number "permanently deactivated." (Id. at 3.)

The Court will first address Plaintiff's request that Defendant be made to give the relief sought in his complaint. As a preliminary matter, the Court notes that the writ of mandamus has been abolished. See Fed. R. Civ. P. 81(b). Nevertheless, relief previously available through a writ of mandamus may still be "obtained by appropriate action." Id. For example, 28 U.S.C. § 1361 provides that the district courts have original jurisdiction of any action "in the nature of mandamus" to compel officers or employees of the United States or any United States agency to perform a duty owed to a plaintiff. "[M]andamus is an extraordinary remedy," however, "and will not lie if other remedies are available." In re United States, 985 F.2d 510, 511 (11th Cir. 1993) (*per curiam*).

Here, even taking Plaintiff's claim that Defendant is a federal employee[3] who owes

---

[2]In his complaint, Plaintiff seeks an injunction and seven million dollars in monetary relief. (See doc. no. 1, p. 6.)

[3]According to Plaintiff's complaint, Defendant was his psychiatrist at ASMP. (See doc. no. 1, pp. 4-5.) Plaintiff claims in the petition, however, that at the time he filed his complaint, Defendant was a federal employee by virtue of her employment as a "contract

2

a duty to respond to his allegations at face value, Plaintiff is not entitled to mandamus because there are clearly "other remedies" available to him. In re United States, 985 F.2d at 511. What Plaintiff requests is, in essence, judgment in his favor because Plaintiff failed to respond to his complaint. (See doc. no. 1; doc. no 13, p. 2.) Plaintiff has an opportunity to obtain the relief sought in his complaint, however, through the underlying cause of action in this case under 42 U.S.C. § 1983.[4] Moreover, if Defendant failed to respond to the allegations in Plaintiff's complaint, the proper course would be to seek a default judgment under the Federal Rules of Civil Procedure.[5] See Fed. R. Civ. P. 55. For these reasons, Plaintiff's request for mandamus regarding the relief sought in his complaint should be **DENIED**. (Doc. no. 13-1.)

Plaintiff also requests that his Social Security number "be deactivated immediately"

---

psychiatrist employed at federal prison institutions." (Doc. no. 13, p. 1.)

[4]As noted earlier, the Court has ordered Plaintiff to amend his complaint so it can determine whether he has any viable claims against Defendant.

[5]Save his puzzling contention that Defendant has a duty to respond to his allegations "pursuant to the First Amendment of the U.S. Constitution" (see doc. no. 13, p. 3), Plaintiff does not cite, and the Court is not aware, of any legal authority providing that Defendant is under a duty to respond to the allegations in Plaintiff's complaint solely by virtue of being a "federal contract employee" (id. at 1). To the contrary, the Court observes that Defendant is not yet obligated to respond to Plaintiff's complaint. Because Plaintiff is a *pro se* prisoner proceeding IFP, the Court must first screen his complaint to determine whether any of his claims are cognizable before the case is allowed to proceed. See 28 U.S.C. § 1915A(a)-(b). If the Court determines that Plaintiff brings a cognizable claim, the Court will then direct service of process on Defendant. See 28 U.S.C. § 1915(d).
As the Court has not directed service in this case yet, Defendant is not obligated by the Federal Rules of Civil Procedure to file a responsive pleading to Plaintiff's complaint. See Fed. R. Civ. P. 12(a). Thus, to the extent Plaintiff's request for mandamus relief could be construed as a motion for entry of default, see Fed. R. Civ. P. 81(a), Plaintiff would not be entitled to that either. See Fed. R. Civ. P. 55(a) (providing for entry of default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.")

3

because it is being used by third parties without his consent. (Doc. no. 13, p. 2.) Plaintiff fails to cite, however, and the Court is not aware, of any authority suggesting that the Court is authorized to grant the relief requested, particularly within a case arising under 42 U.S.C. § 1983 against Plaintiff's prison psychiatrist regarding medication he was given at ASMP (see doc. no. 1). Accordingly, this request should be **DENIED**. (Doc. no. 13-2.)

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Petition for Writ of Mandamus" be **DENIED**. (Doc. no. 13.)

SO ORDERED this 15th day of November, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE